UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTEO SIMON MARCOS,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>Respondents. | Case No.  26-cv-02951-RFL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner filed a petition for writ of habeas corpus seeking immediate release or a bond hearing.  (Dkt. No. 1 (the "Petition").)  The government responded, acknowledging that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)," and thus, the government does "not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Dkt. No. 3.)  For the reasons stated below, the Petition is **GRANTED**.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Because Petitioner is in custody and seeks release from custody, he has standing to pursue the Petition.

## II.    ANALYSIS

Petitioner is a citizen of Guatemala.  (*See* Petition ¶ 25.)  In April 2022, he "attempted to enter the United States and was detained near the border of Texas."  (*See id.* ¶ 26.)  "He was detained for about six days before he signed some papers and then he was sent to Tijuana, Mexico."  (*Id.*)  He reentered the United States in May 2022 "by crossing unlawfully at the border," was not detained at that time, and "has remained in the United States since then."  (*See id.*)  On April 30, 2026, while on his way to work, he was detained by immigration officers.  (*See id.* ¶ 27.)  He was sent to the Otay Mesa Detention Center, where he remained as of the filing of the Petition.  (*See id.*)  He has not sought a custody redetermination from the Otay Mesa Immigration Court because he views any such effort as futile, given that that court "conclude[s] there is no jurisdiction to even consider setting a bond hearing" under *In re Hurtado*, 29 I & N Dec. 216 (BIA 2025).  (*See id.* ¶ 29.)

The Central District of California certified a class of which it appears that Petitioner was initially a member.  *See Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075, 1077-78 (C.D. Cal. 2025).  That case essentially overruled *In re Hurtado*.  *See id.* at 1080.  The Ninth Circuit has since stayed application of the class to any members outside the Central District of California.  *See Maldonado Bautista v. U.S. DHS*, No. 26-1044, Dkt. No. 5 (9th Cir. Mar. 6, 2026).  Although the Central District's decision in *Maldonado Bautista* is not binding on this Court, many courts in this district have agreed with its reasoning and have found that similarly situated petitioners are not subject to mandatory detention under 8 U.S.C. Section 1225.  *See, e.g.*, *Rodriguez v. LaRose*, No. 25-cv-02940-RBM, 2025 WL 3456475, at *4-5 (S.D. Cal. Dec. 2, 2025); *Gregorio v. LaRose*, No. 25-cv-03322-BAS, 2025 WL 3653998, at *2-4 (S.D. Cal. Dec. 17, 2025); *Cortez Garrido v. Mullin*, No. 26-cv-02800-LEK, 2026 WL 1375950, at *1-2 & n.2 (S.D. Cal. May 15, 2026); *see also Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 936-37 (N.D. Cal. 2025).  Therefore, for the reasons stated in those decisions, the undersigned concludes that Petitioner is not subject to mandatory detention under Section 1225.

Petitioner argues that the appropriate remedy is ordering his immediate release rather

2

ordering that the government promptly provide him a bond hearing.  Because his most recent entry into the United States was without inspection, no prior determination has been made as to whether his release is appropriate given potential flight risk or safety concerns.  As such, a prompt post-deprivation bond hearing is the appropriate remedy.  *See, e.g.*, *Garcia-Fraga v. Noem*, No. 26-cv-01739-GPC, 2026 WL 824576 (S.D. Cal. Mar. 25, 2026).

Petitioner also requests an award of attorneys' fees.  The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment.  Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

## III.    CONCLUSION

For the foregoing reasons, the Petition is **GRANTED**.  Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. Section 1226(a) within 14 days of the filing of this Order.  Respondents **SHALL NOT** deny Petitioner's bond on the basis that 8 U.S.C. Section 1225(b)(2) requires mandatory detention.  If no bond hearing is held by **June 2, 2026**, Petitioner shall be released on **June 3, 2026**.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

Dated: May 19, 2026

RITA F. LIN
United States District Judge

3